UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JAMES SWINT,

                Plaintiff,

-against-

VERIZON WIRELESS; D.O.D. (DEPARTMENT OF DEFENSE),

                Defendants.

1:23-CV-4067 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert James Swint, who appears *pro se*, filed this action against Verizon Wireless and the Department of Defense seeking unspecified relief. By order dated June 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons discussed below, the Court dismisses this action as frivolous. The Court also directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar him from filing any future civil actions in this court IFP without permission of the court to do so.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff's complaint is styled as a motion for a "new case"; it is written on a motion form. (ECF 1, at 1.) Plaintiff alleges the following:

> [Plaintiff moves] against VW, and distracting the United . . . Entertainers/Fraud . . . Look Verizon had a good one planned I never thought I'd see the day. Here I start tracing out my local (SWINC.) store #4318 And realize who, And discover pop cans/drug laws/Jesus return/all in one week (ST7 S 2017) What about Verizon['s] contracts 1236 Alexa, Dodd-Frank Financial Form (reset) Act, 7-21-10 signed, enacted . . . HB 4173 . . . Verizon . . . who is wanted, OMB, Mom remember [B]ob no zir rev, ver eyes on the dept. of Defense + land the House, the Center of the Universe and the Appointed Robert Storch Inspector General of DoD serve day Verizon gets raided by then just like FBI And Dish Network, there counter partner [] and Robert Fuller, Special Agent in charge of New Haven . . . .[1]

(ECF 1, at 1-2.)

## DISCUSSION

**A.     Plaintiff's action is frivolous**

The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks and citation omitted). A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or "wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33 (internal quotation marks and citations omitted); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine

---

[1] Unless otherwise noted, the Court quotes Plaintiff's complaint verbatim.

whether they plausibly give rise to an entitlement to relief."). In this inquiry, a court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33.

Plaintiff sues Verizon Wireless and the Department of Defense. His allegations are, however, undecipherable. Indeed, the complaint's statement of claim is incoherent and does not suggest any legal injury. Granting the complaint the liberal interpretation that it is due, the Court finds that there are no decipherable facts that suggest a legal claim. The Court therefore dismisses this action as frivolous, and the Court denies Plaintiff leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a court may dismiss an action *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**B.     Order to show cause**

This Court has previously warned Plaintiff "that any further duplicative or frivolous litigation in this [c]ourt will result in an order barring him from filing new [civil] actions [in this court] IFP without prior permission." *Swint v. Mueller*, ECF 1:21-CV-2960, 5, at 4 (S.D.N.Y. June 14, 2021). The Court issued the prior warning to Plaintiff because of his history of nonmeritorious *pro se* litigation. (*Id.*)

By filing the present frivolous action, Plaintiff has not heeded the Court's previous warning. The Court therefore directs Plaintiff to show cause by declaration why the Court should not bar him from filing any future civil actions in this court IFP without first obtaining permission from the court to do. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this court, within 30 days of the date of this order, a written declaration

setting forth good cause why the abovementioned filing injunction should not be imposed upon him. Should he fail to submit a declaration within the time directed, or should his declaration fail to set forth good cause why the abovementioned filing injunction should not be imposed, the Court will bar Plaintiff from filing any future civil actions in this court IFP without first obtaining permission from the court to do so.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar him from filing any future civil actions in this court IFP without first obtaining permission from the court to do so. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge